UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTCAROLINA

**LAWRENCE E. GULLUM,**
    **Plaintiff,**

  v.                                    Case No.1:19-cv-00162

**ENDEAVOR INFRASTRUCTURE HOLDINGS, LLC,**
    **Defendant.**

**COMPLAINT**

NOW COMES the Plaintiff complaining of the Defendant and alleges and says as follows:

1. Plaintiff is a citizen and resident of Madison County, North Carolina.

2. Defendant is a Delaware limited liability company doing business in North Carolina.

3. The amount in controversy in this action exceeds $100,000.00.

4. This Court has jurisdiction under 28 USC § 1332. Venue is proper under 28 USC § 1391.

FACTS

5. In 2013, a corporation named MCC Development, Inc. was incorporated in North Carolina.

6. Plaintiff owned 90% of the stock in MCC Development, Inc.

7. MCC Development, Inc. was engaged in the business of designing, selling, and constructing structures to house hazardous materials.

8. In 2017 Plaintiff listed MCC Development, Inc. for sale with a business broker.

9. Defendant and its members, Dane James (James); Endeavor Capital Management/ Endeavor Capital Management, LLC; and Endeavor Capital Management's/ Endeavor Capital Management, LLC's owner/member Anthony Buffa (Buffa), offered to buy MCC Development, Inc. under a time payment program.

10. In connection with the offer, Buffa made representations regarding his business experience and abilities and his ability to honor a personal guaranty of payment. These representations were made in North Carolina.

11. Attached hereto and incorporated herein as Exhibit "A" is a copy of the resume Buffa provided to Plaintiff.

12. Attached hereto and incorporated herein as Exhibit "B" is a detailed summary of Buffa's business experience he provided to Plaintiff.

13. In reliance on these representations, Plaintiff entered into a number of agreements, including a Shareholder Agreement attached hereto and incorporated herein as

Exhibit "C" and a Share Purchase Agreement attached hereto and incorporated herein as Exhibit "D."

14. Pursuant to the Share Purchase Agreement, Defendant did pay $360,000.00 to Plaintiff and did issue a $90,000.00 Promissory Note, a copy of which is attached hereto and incorporated herein as Exhibit "F," in accordance with section 2 of the Share Purchase Agreement.

15. In addition, Defendant issued its Promissory Note for $348,000.00, a copy of which is attached hereto and incorporated herein as Exhibit "E." The first payment under the Promissory Note (Exhibit "E") was due on March 31, 2019.

16. Subsequent to the execution of Exhibits C and D, Plaintiff learned that Buffa, the principal manager of the Defendant and guarantor under the Share Purchase Agreement, failed to disclose certain facts which made the representations made to Plaintiff misleading.

17. The first fact Buffa failed to disclose was his personal Chapter 13 bankruptcy filed in the District of Connecticut on the 9th day of August, 2013.

18. A copy of that bankruptcy petition is attached as hereto and incorporated herein as Exhibit "G."

19. The second fact Buffa failed to disclose was a Summary Judgment against him and Endeavor Capital Management, LL

on August 24, 2012, in the Southern District of New York. *AXA Investment Managers UK Limited v. Endeavor Capital Management LLC and Anthony F. Buffa*, 11 Civ. 3221

20. The third fact Buffa failed to disclose was a judgment in favor of Fifth Third Bank assigned to Buckeye Retirement, LLC against Buffa on May 6, 2006.

21. Upon learning of these facts, Plaintiff repeatedly sought to rescind and renegotiate the stock sale.

22. The payment due under the $348,000.00 Promissory Note was not made when due and was not made within ten (10) days after demand.

23. During the period after default through separate correspondences between Buffa and Plaintiff and the other member of Defendant, James, Plaintiff came to understand that neither Buffa nor James had the wherewithal to honor their personal guaranties on the $348,000.00 under the agreement.

24. Further, during this time Plaintiff learned that the principals of Defendant, Buffa and James, were in a dispute between themselves and that James took $7,500.00 from MCC Development, Inc. to pay a consultant for personal representation to negotiate his separation from Defendant.

25. Endeavor failed to make the payment due under its promissory note on May 1, 2019.

## FIRST CAUSE OF ACTION – RESCISSION

26. The allegations of paragraphs 1-28 are realleged and incorporated by reference.

27. The failure to pay when due, combined with the inability to make further payments under the guarantees and Promissory Notes, constitutes a breach of agreement which goes to the very heart of the agreements.

28. The Shareholders Agreement (Exhibit C) and Share Purchase Agreement (Exhibit D) were part of an integrated transaction.

29. The Share Purchase Agreement provides that:

    Upon the occurrence of an event of default by Buyer, the Seller shall be entitled to all remedies available at law or equity specifically <u>including, without limitation, the right to cancel and terminate this agreement</u>, the right to enforce this agreement by specific performance, and the right to seek damages for a breach of this agreement. (Emphasis added).

30. In addition to defaulting on the $348,000.00 Note, Defendant failed to pay the payment due on the 1st day of May, 2019, under the $90,000.00 Note.

31. In addition to the defaults, Defendant has caused MCC Development Corporation, Inc. to breach its employment agreement with Plaintiff by failing to pay the agreed bonus due him.

32. Plaintiff has been paid $30,000.00 on the $90,000.00 Note (Exhibit F); the $60,000.00 balance remains unpaid on the $90,000.00 Note.

33. Plaintiff is entitled to a Declaratory Judgment allowing rescission and declaring that Plaintiff is the owner of 40.5 percent of the shares of MCC Development, Inc. because of the failure of consideration under the Shareholder Agreement, paragraph 7.

34. Plaintiff is further entitled to a Declaratory Judgment allowing rescission and declaring that Plaintiff is owner of 6.66 percent of the shares in MCC Development, Inc. due to the failure of consideration under the Share Purchase Agreement, Section 2(b), on account of the $60,000.00 unpaid balance on the $90,000.00 Note.

35. Over twenty (20) days after the payment was due, Defendant delivered $51,000.00 to Plaintiff; Plaintiff has refused to accept that payment.

36. Plaintiff is prepared to deposit that payment in court and tender and return it to Defendant upon rescission.

SECOND CAUSE OF ACTION – SECURITIES FRAUD

37. All the foregoing allegations of the Complaint are realleged and incorporated herein by reference.

38. The sale of the stock transaction was negotiated in North Carolina and Indiana.

39. The contracts are to be governed by Indiana law.

40. I.C. 23-19-5-1 provides that it is unlawful for a person in connection with the … purchase of a security, directly or indirectly:

    1. To employee a devise, scheme or artifice to defraud;

    2. To make an untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made in the light of its own circumstances under which they were made not misleading.

41. North Carolina law contains a similar provision, N.C.G.S. 78A-56(b).

42. Plaintiff is entitled to recover the securities sold pursuant to I.C. 23-19-5-9 and N.C.G.S. 78A-56(b).

43. Plaintiff is entitled to recover attorney's fees under Indiana law and the contract.

WHEREFORE, Plaintiff prays the Court that:

a. It enter a Declaratory Judgment declaring rescission of the sale of both the 40.5% and the 6.66% of the stock in MCC Development, Inc.

b. The Court award Plaintiff his reasonable attorney's fees.

c. The Court decree the return of the $51,000.00 to Defendant, less attorney's fees and costs.

d. That the costs of this action be taxed to Defendant.

e.  For such other and further relief as the Court deems just and proper.

THIS, the 25th day of May, 2019.

**VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A.**

By: _/s/ Allan R. Tarleton__
Allan R. Tarleton
NC State Bar No. 9490
Attorney for Plaintiff
11 North Market Street (28801)
Post Office Box 7376
Asheville, NC  28802-7376
(828) 258-2991 (Telephone)
(828) 255-0255 (Facsimile)
atarleton@vwlawfirm.com